UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MR. SHATEEK LEWIS,

    Plaintiff,

v.

OREGON DEPT. OF CORRECTIONS,
Hearings Officer, HEATHER NEVIL,
Hearings Officer, DAVE POWELL,
Correctional Officer, G. PARSONS,

    Defendants.

Case No. 2:17-cv-01212-MC

OPINION AND ORDER

MCSHANE, District Judge:

    Plaintiff, an inmate formerly housed at Eastern Oregon Correctional Institution (EOCI), filed this action pursuant to 42 U.S.C. § 1983 and alleged violations of his constitutional rights to due process and against retaliation. Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and in response, plaintiff moves to amend his complaint. Defendants' motion is granted and plaintiff's motion is denied.

1    - OPINION AND ORDER

BACKGROUND

The following facts are taken from plaintiff's Complaint and from his proposed Amended Complaint. (ECF Nos. 2, 31-1).

On November 14, 2016, plaintiff was working in the EOCI cafeteria and asked defendant Parsons if he could leave to use the restroom. Parsons told plaintiff no and directed him to "hold it." Compl. at 3. Plaintiff urgently needed to use the restroom and ultimately used a mop bucket to relieve himself because the restrooms were locked and unavailable for use without permission. Plaintiff maintains that he disposed of the urine through a drain and "properly cleaned up the area" by sanitizing the drain and disposing of the dirty bucket. *Id.*; Proposed Am. Compl. at 4. Plaintiff was later taken to "punitive segregation." Compl. at 3.

On November 15, 2015, Parsons issued a Misconduct Report charging plaintiff with violations of Disobedience of an Order I and Disrespect I. On November 16, 2016, the Misconduct Report was resubmitted with the additional violation of Inmate Assault II, which prohibits conduct that causes bodily fluids to come into contact with another inmate. Or. Admin. R. 291-105-0015(2)(d)(A).

On November 21, 2016, Hearings Officer Powell conducted a disciplinary hearing and found that plaintiff committed Inmate Assault II. Powell sanctioned plaintiff with thirty days in disciplinary segregation and fourteen days of restrictions on his activities.

Plaintiff alleges that Parsons subsequently told plaintiff that he did not find evidence supporting the charge of Inmate Assault II, but that Hearings Officer Nevil had instructed Parsons to charge plaintiff with Inmate Assault II. Compl. at 4; *see also* Proposed Am. Compl. at 6-7. Plaintiff alleges that Nevil did so to retaliate against plaintiff for filing grievances and speaking out against Nevil. *Id.*

## DISCUSSION

Defendants move for judgment on the pleadings under Rule 12(c), arguing that plaintiff's allegations fail to establish a cognizable claim. The Ninth Circuit has held that motions for judgment on the pleadings under Rule 12(c) are "functionally identical" to motions for failure to state a claim under Rule 12(b)(6), "and that 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (1989)).

Under Rule 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In pro se cases particularly, the court must construe the complaint liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

In response to defendants' motion, plaintiff moved for leave to amend and attached a proposed Amended Complaint. I consider plaintiff's proposed amendments when determining the sufficiency of his claims.

A. Due Process Claim

In his first claim, plaintiff alleges that Parsons and Powell violated his due process rights by issuing the amended Misconduct Report and imposing sanctions when no evidence supported the violation of Inmate Assault II.[1]

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, due process requirements are met if the inmate receives: 1) advance written notice of the charges and the evidence against him; 2) an opportunity to present documentary evidence and witnesses; 3) legal assistance if the charges are complex or the inmate is illiterate; 4) a written statement describing the reasons for the disciplinary action; and 5) a disciplinary decision supported by "some evidence" in the record. *Id.* at 563-65, 566, 570; *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). Importantly, a prisoner is entitled to procedural due-process protections only when a disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

---

[1] Plaintiff also named the Oregon Department of Corrections (ODOC) as a defendant. As a State agency, ODOC is not a "person" for purposes of § 1983 and is immune from suit in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Plaintiff further asserts that his right against cruel and unusual punishment was violated when he was denied permission to use the restroom. However, the isolated denial of plaintiff's single request to use the restroom does not rise to the level of an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir. 2000) (finding a cognizable Eighth Amendment claim where the plaintiffs testified "that the state imposed conditions inescapably resulting in prisoners wetting each other with urine"); *see also Saenz v. Reeves*, 2012 WL 4049975, *14 (E.D. Cal. Sept. 13, 2012) (citing cases).

Defendants are correct that plaintiff's Complaint does not allege facts suggesting that his thirty days in disciplinary segregation posed an atypical or significant hardship when compared with the ordinary incidents of prison life. Compl. at 3. Further, plaintiff's proposed Amended Complaint does not cure the deficiency of this claim.[2] Granted, plaintiff's amendments provide greater detail regarding the conditions he faced in disciplinary segregation, including the loss of recreational time and activities. Proposed Am. Comp. at 5. Plaintiff also emphasizes that these conditions were much more restrictive than the living conditions he enjoyed as a resident of "E2," which permits inmates greater freedom and privileges than other housing assignments. *Id.* However, the fact that plaintiff enjoyed privileges greater than those afforded to the general prison population does not raise an inference that disciplinary segregation posed atypical or significant hardships when compared with *ordinary* prison conditions. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485; *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (placement in segregated housing pending a disciplinary hearing did not implicate a protected liberty interest). Accordingly, plaintiff's Complaint and proposed amendments do not allege a protected liberty interest implicated by his segregation, and further amendment would not cure this deficiency.

B. Retaliation Claim

Plaintiff also alleges that Hearings Officer Nevil told Parsons and Powell to enhance the disciplinary violations against him in retaliation for prior grievances filed against Nevil. To state

---

[2] Plaintiff's proposed Amended Complaint also seeks to add eight additional defendants with respect to this claim. However, plaintiff relies on supervisory liability to support his claims against these defendants, and §1983 liability requires the personal participation of an individual defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

a viable claim of First Amendment retaliation, plaintiff must allege five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Here, plaintiff cannot show that Nevil personally took adverse action against him or that her actions failed to advance a legitimate correctional goal. Plaintiff's allegations make clear that it was Powell, not Nevil, who presided over plaintiff's disciplinary hearing and found that he committed Inmate Assault II. Compl. at 4; Proposed Am. Compl. at 6-8. Even if Nevil recommended that plaintiff be charged with Assault II, she did not ultimately issue findings against plaintiff or impose sanctions against him. Further, under the circumstances, I cannot find that Nevil's recommendation lacked a legitimate correctional goal in seeking to discourage inmate urination in the cafeteria.

Accordingly, plaintiff's allegations and proposed amendments fail to state a viable retaliation claim, and further amendment would be futile.

## CONCLUSION

Defendants' Motion for Judgment on the Pleadings (ECF No. 22) is GRANTED and plaintiff's Motion for Leave to File Amended Complaint (ECF No. 31) and all pending motions (ECF Nos. 29, 33) are DENIED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 16th day of November, 2018.

s/ Michael J. McShane
Michael J. McShane
United States District Judge